## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DANIEL A. GREGORY, | DOCKET NUMBER |
| Appellant, | PH-315H-20-0089-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: July 24, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daniel A. Gregory, Fort Meade, Maryland, pro se.

Kimberly Karle, Esquire, Portsmouth, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for failure to prosecute. For the reasons discussed below, we GRANT the appellant's petition for review, and VACATE the initial decision, but we DISMISS the appeal for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

On December 2, 2019, the appellant filed the instant appeal challenging the agency's decision to terminate him during his probationary period. Initial Appeal File (IAF), Tab 1. In an acknowledgment order dated December 3, 2019, the administrative judge informed the appellant of how to establish Board jurisdiction as a probationary or non-probationary employee and ordered him to file evidence and argument showing why the appeal should not be dismissed for lack of a nonfrivolous allegation of jurisdiction. IAF, Tab 2 at 2-5. The administrative judge further informed the appellant that his failure to respond may result in the imposition of sanctions. *Id.* at 1. The appellant did not respond to this order.

After the agency moved to dismiss the appeal for lack of jurisdiction and moved for sanctions, IAF, Tab 4 at 6-11, Tab 8 at 4-6, the administrative judge issued a December 26, 2019 Order to Show Cause directing the appellant to show cause as to why the appeal should not be dismissed for lack of jurisdiction, IAF, Tab 9 at 1. The order stated that the appellant's response must be received no later than January 3, 2020. *Id.* After the response window lapsed, the administrative judge issued an initial decision on January 6, 2020, dismissing the appeal for failure to prosecute. IAF, Tab 10, Initial Decision.

The appellant filed a timely petition for review on January 14, 2020. Petition for Review (PFR) File, Tab 1. He argues that he was unable to respond because the orders were issued during the Christmas holiday. *Id.* at 3. He further argues that, during this time, he was caring for his wife who had recently been diagnosed with cancer. *Id.*

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge erred in dismissing the appeal for failure to prosecute.

Dismissal for failure to prosecute is a sanction that may be imposed if a party fails to prosecute or defend an appeal. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015); 5 C.F.R. § 1201.43(b). The imposition of such a

sanction should be imposed only when a party has failed to exercise basic due diligence in complying with an order or has exhibited negligence or bad faith in its efforts to comply. *Leseman*, 122 M.S.P.R. 139, ¶ 6. An administrative judge should not resort to the imposition of sanctions unless necessary to serve the ends of justice. *Holland v. Department of Labor*, 108 M.S.P.R. 599, ¶ 9 (2008). Absent a showing of abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *Wiggins v. Department of the Air Force*, 113 M.S.P.R. 443, ¶ 11 (2010).

¶6    Here, the record does not reflect that the appellant exercised negligence or bad faith in his efforts to comply. Furthermore, we disagree that the appellant failed to exercise basic due diligence in complying with the administrative judge's orders under the circumstances. First, the appellant was pro se. *See Tully v. Department of Justice*, 95 M.S.P.R. 481, ¶ 11 (2004) (stating that dismissal for failure to prosecute is a drastic sanction that should not be imposed lightly, especially when the appellant is not represented). Second, as set forth above, the administrative judge set the response date to the Order to Show Cause between December 26, 2019, and January 3, 2020—a narrow window falling during the holiday period. Third, the appellant's wife was undergoing chemotherapy, which the appellant explained in his initial appeal and reiterates on review. IAF, Tab 1 at 5; PFR File, Tab 1. Finally, the appellant was provided with only approximately 1 month to comply from the time the administrative judge first issued the acknowledgment order to when the initial decision was issued. *Cf. Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶ 16 (2007) (finding that the administrative judge did not abuse her discretion by dismissing the appellant's claims for failure to prosecute when the appellant did not comply with multiple orders over a period of nearly 2½ months).

¶7    The administrative judge justifiably may have been frustrated with the appellant's lack of responses to the acknowledgment and show cause orders. However, the extreme sanction of dismissal for failure to prosecute does not serve

the ends of justice here.  *See Tully*, 95 M.S.P.R. 481, ¶¶ 10, 12 (vacating an administrative judge's dismissal for failure to prosecute because the sanction was too severe although the pro se appellant had twice failed to file prehearing submissions and to appear for prehearing conferences).  Accordingly, we find that the administrative judge abused his discretion in dismissing the appeal for failure to prosecute, and we vacate the initial decision.  However, for the reasons set forth below, we find that remand is not necessary because the Board lacks jurisdiction over this appeal

The appeal is dismissed for lack of jurisdiction.

¶8      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  Whether an individual in the competitive service has the right to appeal an adverse action depends on whether he is an "employee" under 5 U.S.C. § 7511(a)(1)(A).  *See Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013).  Title 5 U.S.C. § 7511(a)(1)(A) defines an "employee" as an individual in the competitive service who (i) is not serving a probationary or trial period under an initial appointment, or (ii) has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less.  5 U.S.C. § 7511(a)(1)(A).  The two prongs of the statutory definition are distinct and provide alternatives by which an individual may be found to be an employee with appeal rights.  *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1342-43 (Fed. Cir. 2002).  Probationary employees in the competitive service who do not satisfy either definition may nevertheless have the right to appeal a termination to the Board under 5 C.F.R. §§ 315.805-.806 by showing that the termination was based on marital status or partisan political reasons, or that the action was procedurally improper.  *Tarr v. Department of Veterans Affairs*, 115 M.S.P.R. 216, ¶ 10 (2010).

¶9      If the appellant in an adverse action appeal makes a nonfrivolous allegation of jurisdiction, i.e., an allegation that, if proven, could establish the Board's jurisdiction, he is entitled to a hearing at which he must prove jurisdiction by a preponderance of the evidence. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc). Before dismissing an appeal for lack of jurisdiction, an administrative judge must provide an appellant with explicit information on what is required to establish an appealable jurisdictional issue and an opportunity to meet that burden. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985).

¶10      Here, the appellant indicated in his initial appeal that he was serving a probationary period and had 6 months of Government service at the time of his termination. IAF, Tab 1 at 1. In his acknowledgment order, the administrative judge notified the appellant of the various ways he could establish Board jurisdiction. IAF, Tab 2. By the time the administrative judge issued the initial decision more than a month later, the appellant had not submitted any evidence or argument on the jurisdictional issue. Although we find that the appeal should not have been dismissed for failure to prosecute, we find that the appellant had notice of the jurisdictional issues and an opportunity to respond before the record closed, and therefore we will address whether the appellant made nonfrivolous allegations of jurisdiction.

¶11      According to the appellant's pleadings and documentary evidence submitted below, he was appointed to the competitive service in April 2019 and terminated during his probationary period approximately 6 months later. IAF, Tab 1 at 1, 3, 7-11. Thus, he has not made a nonfrivolous allegation that he was an "employee" under 5 U.S.C. § 7511(a)(1)(A). Additionally, his termination was based on his performance during his probationary period, *id.* at 8, and he has not alleged that he was terminated "for reasons based in whole or in part on conditions arising before his appointment." 5 C.F.R. § 315.805. The appellant also made no allegation that he was terminated based on his marital status or partisan political

reasons. 5 C.F.R. § 315.806(b). Therefore, we find that the appellant failed to nonfrivolously allege that the Board has jurisdiction over his appeal, and we dismiss the appeal without a hearing.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.   The

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.